IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CR-69-WKW |
| | ) | [WO] |
| TORIE WILSON | ) | |

## **ORDER**

Defendant has filed a motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 54.)

Under § 3582(c)(1)(A)(i), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may move for such a reduction only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A) (alterations added). Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). This statute's exhaustion requirement is no exception. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Furthermore, the defendant must exhaust or wait thirty days *before* he or she files a motion for compassionate release. *Id.* at 836 (dismissing

a § 3582(c)(1)(A)(i) motion without prejudice because movant's thirty-day window did not close until after the motion was filed). Defendant's motion is deficient for at least two reasons.

First, Defendant does not mention whether he has complied with the statutorily mandated procedure for exhaustion. He must submit proof that he has submitted an administrative petition requesting that the BOP file a motion for compassionate release on his behalf pursuant to § 3582(c)(1)(A)(i). He also should provide evidence of the date he filed the petition, and he should inform the court whether he has received a response to the request and, if possible, submit evidence of the response or lack thereof. Second, Defendant's cursory motion does not set forth "extraordinary and compelling reasons" warranting release. § 3582(c)(1)(A)(i).

Accordingly, it is ORDERED that Defendant's motion (Doc. # 54) is DENIED without prejudice with leave to refile, if necessary, after he has exhausted his administrative rights. If Defendant refiles his motion, he must submit a statement, signed under penalty of perjury, demonstrating "extraordinary and compelling reasons" for release, § 3582(c)(1)(A)(i), and, if available, evidence to support those reasons. If he is relying on a health condition, he (or another person on his behalf) also should file medical records under seal substantiating his condition.

DONE this 10th day of September, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE