IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CR-69-WKW |
| | ) | [WO] |
| TORIE WILSON | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

In February 2010, Defendant Torie Wilson was convicted on his guilty plea to one count of aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119 and 2, and one count of aiding and abetting the offense of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2.  Sentenced to 191 months' imprisonment (Docs. # 45, 46), Defendant's projected release date is December 4, 2028.  *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 19, 2021).

Before the court is Defendant's motion for compassionate release (Doc. # 57), as supplemented (Doc. # 65), in which Defendant seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in opposition.  (Doc. # 66.)  For the reasons to follow, the motion is due to be denied.

## II.  DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final."  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021).  Section 3582(c)(1)(A)(i), as amended by the First Step Act, offers courts a narrow reprieve to reduce a sentence for "extraordinary and compelling reasons."  It provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A)(i) (citing 18 U.S.C. § 3553(a)).

In *Bryant*, the Eleventh Circuit held that U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and thus "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."  996 F.3d at 1262.  Section 1B1.13 requires a judicial determination that "the defendant is not a danger to the safety of any other person or to the community."  § 1B1.13(2).  It also delineates four categories that constitute "extraordinary and compelling reasons" for compassionate release:  (A) a defendant's medical condition, which includes, among other conditions, a "serious physical or medical condition"; (B) a

2

defendant's age; (C) a defendant's family circumstances; and (D) "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." *Id.*, cmt. n.1(A)–(D). Importantly, as pronounced in *Bryant*, application note 1(D), which is the catch-all provision, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." 996 F.3d at 1248; *see also id.* at 1262–65. That discretion lies only with the Bureau of Prisons ("BOP"). Hence, application notes 1(A), (B), and (C) to § 1B1.13 constrain district courts in determining whether a defendant has established extraordinary and compelling reasons justifying compassionate release.

In *United States v. Tinker*, the Eleventh Circuit succinctly summarized what § 3582(c)(1)(A) requires:

> [B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

No. 20-14474, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). *Tinker* held that district courts can examine these three conditions in any order it chooses. If even one of § 3582(c)(1)(A)'s conditions is rejected, then a defendant is not entitled to a sentence reduction. *Id.* The defendant bears the "burden to establish that he qualifie[s] for compassionate release." *United States v. Smith*, 856 F. App'x 804,

806 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Section 3582(c)(1)(A) also contains an exhaustion requirement:

> The court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

§ 3582(c)(1)(A). This "exhaustion requirement is not jurisdictional[,]" but instead "is a claim-processing rule." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

As explained below, the requirement of administrative exhaustion is not an impediment to Defendant's motion; however, Defendant is not entitled to early release on the merits of his motion.

**A.     <u>Exhaustion of Administrative Remedies</u>**

On December 28, 2020, Defendant emailed the warden of his institution a "formal request" for compassionate release, asserting that he had a "heightened risk for death due to COVID-19" because he has "kidney disease and high blood pressure." (Doc. # 66-1.) The Government argues that Defendant's email "does not constitute a proper attempt to exhaust his administrative remedies" for its failure to propose a release plan. (Doc. # 66, at 11 (citing 28 C.F.R. § 571.61).) The warden, though, considered Defendant's request on the merits and did not reject it for failure

4

to include a release plan. The warden found that Defendant's articulated concerns that his medical conditions pose a great risk that he will suffer severe illness if he contracts COVID-19 did not "currently warrant an early release from prison." (Doc. # 65, at 1.) The Government has not cited any authority or presented a cogent reason for requiring Defendant to resubmit his request for compassionate release where the warden overlooked any technical deficiencies and denied the request on substantive grounds. *Cf. United States v. Canada*, No. CR 119-014, 2020 WL 2449344, at *1 (S.D. Ga. May 12, 2020) (finding that the defendant did not exhaust his administrative remedies because, rather than complying with the warden's directive that he "follow the administrative process in place to make such requests," the defendant filed his motion for compassionate relief in the district court).

The Government raises no other arguments regarding administrative exhaustion. Accordingly, the court proceeds to the merits of Defendant's motion. *See Harris*, 989 F.3d at 911.

### B.   The Merits of Defendant's Motion for Compassionate Release

Defendant's motion fails on all three of § 3582(c)(1)(A)'s conditions for obtaining compassionate release. Each is discussed.

#### 1.   *Extraordinary and Compelling Reasons*

Defendant has not established extraordinary and compelling reasons warranting compassionate release, notwithstanding that his medical conditions place

him in a high risk category of serious complications from COVID-19. Defendant's medical records document that he suffers from chronic kidney disease and hypertension. (*See, e.g.*, Doc. # 66-3, at 29, 37–38, 65.) The Centers for Disease Control and Prevention ("CDC") has determined that these two medical conditions "can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 19, 2021). Under § 1B1.13, a serious medical condition can qualify as an extraordinary and compelling reason for compassionate release, *see* § 1B1.13 cmt. n.1(A)(ii)(I), but only where that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," § 1B1.13 cmt. n.1(A).

There is insufficient evidence in Defendant's medical records demonstrating that his health conditions rise to this level of decline. Evidence is lacking that Defendant's self-care is inhibited, and Defendant has not shown that the medical personnel at his designated federal correctional institution are unable to provide him adequate treatment for his medical care. The medical records confirm that Defendant is being treated for hypertension and chronic kidney disease (Doc. # 66-3, at 28–30, 37–38, 40–41, 65–66, 73). *See* § 3553(a)(2)(D); *United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020)

(denying an inmate's motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))).

Furthermore, the medical records describe that Defendant tested positive for COVID-19 in December 2020, that he was asymptomatic, and that he has recovered with no documented major complications. (Doc. # 66-3, at 5, 44.) Defendant's recovery from COVID-19, although not dispositive, is one factor that "weigh[s] against a finding of extraordinary and compelling reasons."[1] *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) ("*[L]ike access to vaccination*, prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." (citation omitted) (emphasis added)).

---

[1] Since the filing of Defendant's motion for compassionate release, the BOP has administered 233,740 doses of the COVID-19 vaccine to its approximate 36,000 staff and to its inmates, which as of October 14, 2021's count was 156,675. *See* BOP Covid-19 Vaccine Implementation, available at https://www. bop.gov/coronavirus/index.jsp (last visited Oct. 19, 2021); BOP Statistics, https://www.bop.gov/about/statistics/population_statistics.jsp (providing that inmate statistics are updated each Thursday) (last visited Oct. 19, 2021). While there is no evidence as to whether Defendant has received a COVID-19 vaccine, it appears to be readily available at the Federal Correctional Complex Terre Haute ("FCC Terre Haute"). FCC Terre Haute has two facilities: (1) USP Terre Haute where Defendant is incarcerated; and (2) Federal Correctional Institution Terre Haute. The vaccination statistics are available for FCC Terre Haute as a whole but are not broken down by the individual facilities within the complex. The BOP's website indicates that, since the rollout of the COVID-19 vaccine, 339 staff members and 1,886 inmates have received both doses of the vaccine at FCC Terre Haute and, thus, have been fully inoculated. *See* BOP Covid-19 Cases, Covid-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 19, 2021). The BOP reports that currently there are 2,462 inmates at FCC Terre Haute. *See* BOP Locations, https://www.bop.gov/locations/list.jsp (last visited Oct. 19, 2021). It is clear from these statistics that the vaccination rate at FCC Terre Haute exceeds that of the general population in the state of Alabama.

For the foregoing reasons, Defendant has not shown extraordinary and compelling reasons that justify early release.

### 2. *The § 3553(a) Factors*

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (observing that, under § 3553(a), the defendant's "medical conditions . . . are part of his history and characteristics"). To begin on a positive note, Defendant is to be commended for the steps he represents that he has taken while incarcerated to better himself. (*See* Doc. # 57, at 4.) He is encouraged to continue these efforts.

However, the nature and circumstances of Defendant's offenses and his history and overall characteristics do not favor release. *See* § 3553(a)(1). Defendant was convicted in this court of violent offenses he committed while he was on state probation. (Presentence Investigation Report ("PSR") ¶ 38.) Additionally, on the date of his sentencing, he was only twenty-three years old and had amassed criminal convictions that placed him in a criminal history category of IV. (PSR ¶¶ 31–39.) Furthermore, Defendant's release at the halfway point of his sentence would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and fail to protect the public from additional crimes

8

of Defendant. *See* § 3553(a)(2). The balancing of the § 3553(a) factors does not justify Defendant's early release.

### 3. *Danger to the Community*

Finally, Defendant must demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13. All of the factors in § 3142(g) have been considered carefully. Some of those factors overlap with those discussed in Part II.B.2. After careful deliberation, the court finds that Defendant has failed to meet his burden on this third condition for compassionate release.

### C. Conclusion

Defendant successfully has rebutted the Government's arguments challenging administration exhaustion of remedies. However, he has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining compassionate release.

## III. ORDER

For the foregoing reasons, it is ORDERED that Defendant's *pro se* motion for compassionate release (Doc. # 57), as supplemented (Doc. # 65), is DENIED.

DONE this 19th day of October, 2021.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE